**IN THE**
**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| RODNEY COSTER, | * |
| *Plaintiff*, | * |
| v. | *   No. 1:21-cv-00065-GLR |
| STATE OF MARYLAND, *et al.* | * |
| *Defendants*. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**STATE OF MARYLAND'S OPPOSITION**
**TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY**

Defendant, State of Maryland, through counsel, hereby opposes the Plaintiff's motion for leave to file a surreply. (ECF Doc. 64).

Contrary to Plaintiff's assertions, the Defendants' reply pleadings did not present exhibits or information made known to the Plaintiff for the first time. As disclosed in the State's preliminary motion in response to the original complaint and repeated in the State's preliminary motion in response to the amended complaint (ECF Doc. 36-1 at 10; ECF Doc. 43-1 at 10), Plaintiff and his counsel knew about the Plaintiff's criminal court plea that included an agreed upon statement of facts regarding the matters alleged in the amended complaint. More specifically, Plaintiff's counsel had in their possession prior to filing this lawsuit the very same court records provided to the Court by the Defendants in their replies which reflected Plaintiff's criminal court plea and agreed upon statement of facts. (ECF Doc. 36-1 at 10.) Yet, Plaintiff not only chose to omit this material information from his original complaint, but chose to omit it again from his amended

complaint after the State's first preliminary motion put him on notice of its intent to provide it to the Court. (ECF Doc. 43-4.) Thus, it is clear that Plaintiff consciously and strategically decided to omit any factual details of his criminal plea in his complaints to this Court in hopes of satisfying minimal pleading standards and advancing this case into discovery.

The Court should not reward Plaintiff for this intentional omission by granting leave for a surreply. Instructive here is the Seventh Circuit's holding from *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 781–82 (7th Cir. 2007). In *Concentra*, the district court originally granted Concentra's motion to dismiss a complaint for retaliation without prejudice because the employee's alleged protected activity of reporting favoritism based on an alleged affair among coworkers did not, without more, violate Title VII. *Id.* at 775. The EEOC then filed an amended complaint with one material change in the allegations, which was that it conspicuously omitted the nature of conduct reported by the employee. *Id.* at 776.

The Seventh Circuit did not look favorably upon the EEOC's "seeking to simply step around a more informative complaint that has been dismissed for failure to state a claim." *Id.* at 780. According to the Court, the rules of pleading "do not require unnecessary detail, but neither do they promote vagueness *or reward deliberate obfuscation*." *Id.* (Emphasis added.) Additionally, "[e]ncouraging a plaintiff to plead what few facts can be easily provided and will clearly be helpful serves to expedite resolution by quickly alerting the defendant to basic, critical factual allegations (that is, by providing "fair notice" of the plaintiff's claim) and, if appropriate, permitting a quick

test of the legal sufficiency of those allegations." *Id.* The Court went on to admonish the EEOC as follows:

> In the present case the EEOC's lawyers failed to persuade the district court that the facts it originally pleaded stated a claim, so it deleted enough information to disguise the nature of its claim before the court. This gambit is not necessarily fatal to a claimant, but such obfuscation certainly does not intuitively comport with the purposes of notice pleading. A complaint should contain information that one can provide and that is clearly important; the EEOC has removed information that it did provide and that showed that its prior allegations did not state a claim . . . The EEOC should have been seriously concerned that its amended complaint sliced away the very meat of its claim.

*Id.* at 780-81 (citations omitted).

The Court ultimately affirmed dismissal of the amended complaint on the basis that the omitted nature of the employee's complaints were "critically important to the case and might facilitate a quick resolution on the merits." *Id.* at 782. The intent behind the ruling was to "insist upon easily provided, clearly important facts" from a plaintiff. *Id.* The Court reasoned that "[t]o permit the EEOC's complaint would reward obfuscation, a perverse result." *Id.*

In this case, Plaintiff's omission of his criminal plea and agreed upon statement of facts is analogous to the EEOC's conduct in *Concentra*. The Plaintiff has intentionally omitted "easily provided, clearly important facts" that "might facilitate a quick resolution on the merits" in the Defendants' favor. This is the precise sort of obfuscation that the Seventh Circuit felt "certainly does not intuitively comport with the purposes of notice pleading." *Id.* at 780-81. Now Plaintiff faces the Defendants' meritorious arguments based on the undisputed facts he intentionally withheld from the Court and asks this

3

Court for relief from its "deliberate obfuscation" in the form of leave to file a surreply. Because the rules of pleading do not "promote vagueness or reward deliberate obfuscation," this Court should not veer from its long-standing rule that surreplies are not permitted. To rule otherwise "would reward obfuscation, a perverse result." *Id*. at 782.

WHEREFORE, the State requests this Court to deny leave for the Plaintiff to file a surreply.

August 20, 2021                                         Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

_____/S/_____
CARL N. ZACARIAS (#28126)
Assistant Attorney General
Office of the Attorney General
80 Calvert Street
Annapolis, Maryland 21401
(410) 260-6139
czacarias@treasurer.state.md.us

Counsel for the State of Maryland

## CERTIFICATE OF SERVICE

I certify that, on this 20th day of August 2021 the foregoing was served by CM/ECF on all registered CMF users.

_____/S/_____
Carl N. Zacarias